FILED
2009 AUG 28 P 4:08
CIVIL
DISTRICT COURT

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. **09-9152**                     DIVISION " B "                     SECTION ( 15 )

### DIXIE MILL SUPPLY CO., INC.
### AND DIXIE MILL, INC.

#### VERSUS

#### AXIS SURPLUS INSURANCE COMPANY

FILED: _____        _____
                                                 DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come **Dixie Mill Supply Co., Inc. and Dixie Mill, Inc.** (hereinafter collectively referred to as **"Dixie Mill"**), both Louisiana corporations authorized to do and doing business in the Parish of Orleans, and on representing to the Court as follows:

**1.**

AXIS Surplus Insurance Company (hereinafter referred to as "AXIS"), a foreign insurer, authorized to do and doing business in the Parish of Orleans, State of Louisiana, is made a defendant.

**2.**

At all pertinent times, and particularly on September 1, 2008, Dixie Mill had a commercial property insurance policy with AXIS.

**3.**

The commercial property policy covered businesses located at **314 & 318 South Diamond, New Orleans Louisiana and 327 North Diamond, New Orleans, Louisiana** and various other buildings identified in the policy. The policy number was EAF73598807.

**4.**

The commercial property policy provided various coverages to Dixie Mill in the event of loss and damage as was sustained because of Hurricane Gustav, including damage to the covered buildings, their contents and loss of business income.

**5.**

The loss and damage was timely reported to AXIS, which opened a claim file whose number is ATL 35944.

**EXHIBIT**
**1**
tabbies

**6.**

Following notification of the damage to the various buildings listed in the insurance policy, the defendant undertook appraisals and evaluations of the damage to the buildings and sent an agent of the defendant to inspect the properties.

**7.**

In adjusting the claim, the defendant has paid inadequate and insufficient amounts of money to the plaintiffs, all in violation of and a breach of its contract with the plaintiffs.

**8.**

The plaintiffs allege that the buildings at issue were not timely appraised or appraised improperly and that some or all of the appraisals and evaluations by the defendant were in error, all of which are in violation of the laws of Louisiana, including the insurance statutes.

**9.**

After appraising the damage to the buildings and resulting expenses, including contents and loss of use and having sufficient information to determine the damages and expenses related to the hurricane, the defendant, without justification, delayed in making payments, without justification, all in violation of the laws of Louisiana, including the insurance statutes.

**10.**

In some instances, the defendant failed to tender undisputed amounts to the plaintiffs in a timely and complete fashion after having sufficient information and time to do so, all in violation of the laws of Louisiana, including the insurance statutes.

**11.**

The plaintiffs maintain that the process of evaluation, appraisal and payments made under the policy issued by the defendant to the plaintiffs constitute a violation of certain Louisiana Statues including LSA-RS 22: 658, LSA-RS 22: 694 and LSA-RS 22: 1220.

**12.**

The plaintiffs allege that it is entitled to attorney's fees and penalties from the defendant in addition to full payment of all damages to the insured property due to the failure of the defendant to make timely appraisals, evaluations and payments within the statutory delays provided by the laws of Louisiana after receipt of sufficient information to do so.

**13.**

The plaintiffs allege that it is entitled to expert witness fees to the extent that it is necessary to establish and prove its claims in this petition.

**14.**

As a result of the actions and inactions of the defendant, the plaintiffs suffered damages which exceeds the limit for a trial by jury and, consequently, **request a trial by jury**.

**WHEREFORE**, plaintiffs, Dixie Mill Supply Co., Inc. and Dixie Mill, Inc., pray that after all legal proceedings had, there be judgment herein in favor of the plaintiffs, Dixie Mill Supply Co., Inc. and Dixie Mill, Inc., against the defendant, AXIS Surplus Insurance Company, for all damages prayed for, including attorney's fees, **for a trial by jury** and for all general and equitable relief.

Respectfully submitted,

*James J Morse*

JAMES J. MORSE (La. Bar No. 08903)
JAMES J. MORSE, APLC
Pan American Life Center
601 Poydras Street, Suite 2750
New Orleans, Louisiana 70130
Telephone: 504-566-1805

*Attorney for Plaintiffs,*
*Dixie Mill Supply Co., Inc. and Dixie Mill, Inc.*

**PLEASE SERVE DEFENDANT:**

**AXIS Surplus Insurance Company,**
**through its registered agent for service of process:**

The Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana  70809

# STATE OF LOUISIANA
## SECRETARY OF STATE

*Mamie*
*ATL 35944*

LEGAL SERVICES SECTION
P.O. BOX 94125, BATON ROUGE, LA 70804-9125
(225) 922-0415

9/14/09

AXIS SURPLUS INSURANCE COMPANY
SUITE 500
11680 GREAT OAKS WAY
ALPHARETTA, GA  30022

**RECEIVED**
**SEP 17 2009**
**CLAIMS DEPT**

SUIT NO: 099152
CIVIL DISTRICT COURT
THE PARISH OF ORLEANS

DIXIE MILL SUPPLY CO.,INC
vs
AXIS SURPLUS INSURANCE COMPANY

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding.
Please call the attorney that filed this document if you have any questions
regarding this proceeding.  If you received this document in error, please
return it to the above address with a letter of explanation.

Yours very truly,

JAY DARDENNE
Secretary of State

Served on: JAY DARDENNE          Date:  9/11/09 at  3:00 PM
Served by: J BROWN               Title: DEPUTY SHERIFF

===================================================================
Received      Number      Date       Paid By                Amount
CHECK/M.O.    117870      9/08/09     OFF OF CIVIL SHERIFF    25.00

TG                        400.00
===================================================================

## NO. 732152



---

EXHIBIT

Z

ATTORNEY'S NAME: Morse, James  08903
AND ADDRESS:    Ste 2750,  601 Poydras St
                New Orleans   LA 70130-6014

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:     2009 – 09152        1                              SECTION:    15 – B

DIXIE MILL SUPPLY CO., INC.  ET AL VERSUS AXIS SURPLUS INSURANCE COMPANY

## C I T A T I O N

TO:  AXIS SURPLUS INSURANCE COMPANY

THROUGH: IT'S REGISTERED AGENT FOR SERVICE OF PROCESS: THE LOUISIANA
SECRETARY OF STATE.
8585 ARCHIVES AVENUE

BATON ROUGE                  LA    70809

**SERVED ON
JAY DARDENNE**

**SEP 11 2009**

**SECRETARY OF STATE
COMMERCIAL DIVISION**

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ADDITIONAL INFORMATION
Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA        September 2, 2009        .

Clerk's Office, Room 402, Civil Courts Building,
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA

by _____
                        Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR DAMAGES | FOR DAMAGES |
| On | On |
| AXIS SURPLUS INSURANCE COMPANY | AXIS SURPLUS INSURANCE COMPANY |
| THROUGH: IT'S REGISTERED AGENT FOR SERVICE OF PROCESS: THE LOUISIANA SECRETARY OF STATE. | THROUGH: IT'S REGISTERED AGENT FOR SERVICE OF PROCESS: THE LOUISIANA SECRETARY OF STATE. |

by leaving same at the dwelling house, or usual place of
abode, in the hands of _____
a person of suitable age and discretion residing therein as
a member of the domiciliary establishment, whose name
and other facts connected with this service I learned by
interrogating  HIM / HER the said _____
AXIS SURPLUS INSURANCE COMPANY

Returned  same  day

_____
                        No.

_____
Deputy Sheriff of _____

Mileage: $_____

_____ / ENTERED /_____
PAPER                         RETURN

_____/_____/_____
SERIAL NO.     DEPUTY     PARISH

being absent from the domicile at time of said service.
Returned  same  day

_____
                        No.

Deputy Sheriff of _____



## Group Structure

Please Click on each Unit for more details

**AXIS Capital Holdings**

**AXIS Surplus Insurance Company**
AXIS Surplus Insurance Company is an Illinois-domiciled insurer that is licensed to transact property and casualty insurance in IL, AL and GA and is surplus lines eligible in 45 states, the District of Columbia and Puerto Rico.

- S&P Rating "A+" (Strong)
- A.M. Best Rating "A" (Excellent)

AXIS Specialty Limited

AXIS Specialty Limited (Singapore Branch) (Incorporated in Bermuda)

AXIS Re Limited

AXIS Re Europe

AXIS Specialty Europe Limited

AXIS Reinsurance Company (Canadian Branch)

AXIS Specialty London

AXIS Specialty Australia

AXIS Insurance Company

AXIS Surplus Insurance Company

AXIS Specialty Insurance Company

☐ INSURANCE/REINSURANCE COMPANIES
☐ BRANCHES

© AXIS Capital 2009

TERMS OF USE   PRIVACY

company-profile/structure

EXHIBIT
3

COMMERCIAL PROPERTY
CP DS 00 10 00

# COMMERCIAL PROPERTY COVERAGE PART
# DECLARATIONS PAGE

**POLICY NO.** EAF735988-07    **EFFECTIVE DATE**   12 / 01 / 2007    ☐ "X" If Supplemental
Declarations Is Attached

**NAMED INSURED**

Dixie Mill Supply Company, Inc.

**DESCRIPTION OF PREMISES**

| Prem. No. | Bldg. No. | Location, Construction And Occupancy |
|---|---|---|
| 001 | 1 & 2 | 901 Tchoupitoulas Street, New Orleans, LA 70130 |
|  |  | MNC; NC and JM; 2, 3 and 5 stories; NB3; sprinklered |

**COVERAGES PROVIDED**    **Insurance At The Described Premises Applies Only For Coverages For Which A Limit Of Insurance Is Shown**

| Prem. No. | Bldg. No. | Coverage | Limit Of Insurance | Covered Causes Of Loss | Coinsurance* | Rates |
|---|---|---|---|---|---|---|
| 001 | 1 & 2 | Real & Personal Property | $4,562,500 | Special Form | 90% | |
|  |  | EDP | Per Occurrence | CP 10 30 04 02 | | |

**\*If Extra Expense Coverage, Limits On Loss Payment**

**OPTIONAL COVERAGES**    **Applicable Only When Entries Are Made In The Schedule Below**

| Prem. No. | Bldg. No. | Agreed Value | | | Replacement Cost (X) | | |
|---|---|---|---|---|---|---|---|
| | | Expiration Date | Cov. | Amount | Building | Pers. Prop. | Including "Stock" |
| 001 | 1 & 2 | | | | X | X | |

| Inflation Guard (%) | | *Monthly Limit Of | Maximum Period | *Extended Period |
|---|---|---|---|---|
| Bldg. | Pers. Prop. | Indemnity (Fraction) | Of Indemnity ( ) | Of Indemnity (Days) |

**\*Applies to Business Income Only**

**MORTGAGEHOLDERS**

| Prem. No. | Bldg. No. | Mortgageholder Name And Mailing Address |
|---|---|---|
| 001 | 1 & 2 | Whitney National Bank, 228 St. Charles Avenue; New Orleans, LA 70130 |

**DEDUCTIBLE**   $5,000

| Exceptions: | $5,000 Transit |
|---|---|
| | See Windstorm or Hail Percentage Deductible, ES 174 0106 |

**FORMS APPLICABLE**

**To All Coverages:** See Common Policy Declarations
**To Specific Premises/Coverages:**

| Prem. No. | Bldg. No. | Coverages | Form Number |
|---|---|---|---|

**EXHIBIT**
**4**

CP DS 00 10 00      Copyright, Insurance Services Office, Inc., 1999      Page 1 of 1   ☐

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KURT ALBERT, ET AL. | : | DOCKET NO. 05-0516 |
| VS. | : | JUDGE TRIMBLE |
| KENNETH L. JORDAN, ET AL. | : | MAGISTRATE JUDGE WILSON |

### <u>MINUTE ENTRY</u>

This matter was removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The court has reviewed the complaint and the notice of removal and has concluded that it is facially apparent that the requisite jurisdictional amount is in controversy. *See Simon v. Wal-Mart, Inc.*, 193 F.3d 848 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).[1]

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of July, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[1] In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are required to so allege in the petition. *Id.* Here, the petition contains no such limitation. Thus, Plaintiff has, in effect, conceded in his state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $ 75,000.

EXHIBIT

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVIS, ET AL                                   CIVIL ACTION

VERSUS                                         NO.  06-0560

STATE FARM FIRE & CASUALTY, ET AL              Section "R"(5)


    This order also applies to the following civil actions.

BOWERS, ET AL                                  CIVIL ACTION

VERSUS                                         NO.  06-0596

STATE FARM FIRE & CASUALTY, ET AL              Section "R"(5)


BOWERS, ET AL                                  CIVIL ACTION

VERSUS                                         NO.  06-0830

STATE FARM FIRE & CASUALTY, ET AL              Section "R"(5)


GUILLORY, ET AL                                CIVIL ACTION

VERSUS                                         NO.  06-0831

STATE FARM FIRE & CASUALTY, ET AL              Section "R"(5)


RAGAS, ET AL                                   CIVIL ACTION

VERSUS                                         NO.  06-1090

STATE FARM FIRE & CASUALTY, ET AL              Section "R"(5)

**EXHIBIT**

**6**

MORGAN, ET AL                                CIVIL ACTION

VERSUS                                       NO.  06-1091

STATE FARM FIRE & CASUALTY, ET AL            Section "R"(5)


VALLOT, ET AL                                CIVIL ACTION

VERSUS                                       NO.  06-1092

STATE FARM FIRE & CASUALTY, ET AL            Section "R"(5)


BERTRAND, ET AL                              CIVIL ACTION

VERSUS                                       NO.  06-1242

STATE FARM FIRE & CASUALTY, ET AL            Section "R"(5)


PHILLIPS, ET AL                              CIVIL ACTION

VERSUS                                       NO.  06-1597

STATE FARM FIRE & CASUALTY, ET AL            Section "R"(5)


<u>ORDER</u>

Before the Court are motions to remand the above-listed

cases, many of which were transferred to this section because

plaintiffs claim damages pursuant to Louisiana's Valued Policy

Law, La. Rev. Stat. 22:695.  Because these motions concern

identical questions of law, the Court has consolidated its ruling

in these matters for the sake of efficiency.  For the following

reasons, the Court DENIES the motions.

2

I.   BACKGROUND

Hurricanes Katrina and Rita devastated much of southern Louisiana in August and September of 2005.  Plaintiffs in these cases are Louisiana property owners who suffered substantial damage to their property during these storms and who have sued their homeowner's insurance carriers.  Defendants are insurance companies that lack citizenship or a principal place of business in Louisiana.  The parties in each action are thus diverse. Plaintiffs filed their actions in Louisiana state court, and defendants removed them to this Court.  Plaintiffs now seek to remand these matters to state court.  Defendants oppose the motions and assert that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In all of the cases, the parties disagree as to whether the amount in controversy is satisfied under the requirements of section 1332. *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).  Some plaintiffs allege that defendants improperly removed the matter and ask the Court to award them fees and costs upon remand.

II.   LEGAL STANDARDS

A.   Removal

A defendant may generally remove a civil action filed in

3

state court if the federal court has original jurisdiction over
the action. *See* 28 U.S.C. § 1441(a). The removing party bears
the burden of showing that federal jurisdiction exists. *See*
*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
In assessing whether removal was appropriate, the Court is guided
by the principle, grounded in notions of comity and the
recognition that federal courts are courts of limited
jurisdiction, that removal statutes should be strictly construed.
*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d
720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL
419901, at *2 (E.D. La. 1995). The Court must remand the case to
state court "[i]f at any time before final judgment it appears
that the district court lacks subject matter jurisdiction." 28
U.S.C. § 1447(c).

### B.   Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of
showing that the amount in controversy is sufficient to support
federal jurisdiction differs depending on whether the plaintiff's
complaint alleges a specific amount of monetary damages. *See*
*Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage
figure in excess of the required amount in controversy, "that
amount controls if made in good faith." *Id.* (*citing St. Paul
Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If

4

a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiffs filed their complaints in Louisiana state courts, and Louisiana law does not permit them to plead a specific amount of money damages. When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to

consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." 47 F. 3d at 1412 (*quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id.* at 1412 n.10. Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 *3 (E.D. La. 2003). For example, in *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D. La. 2004), the plaintiff's state court complaint stated that "[each plaintiff]

6

affirmatively and knowingly waives entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interests and costs, in excess of $74,999." The court found that this waiver constituted a binding stipulation, or "judicial confession" under Louisiana law, and it held that this stipulation was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law. *Id.* at *5. None of the plaintiffs in these matters filed a similar stipulation with his or her complaint.

Post-removal affidavits or stipulations may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper). When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction.

*Gebbia*, 233 F.3d at 883.

Here, each complaint filed in state court contains a stipulation that the amount of damages sought by plaintiffs is less than $75,000, but, as noted, none affirmatively waives the plaintiffs' right to collect damages in a greater amount. For this reason, these stipulations are insufficient to show that the amount in controversy is below $75,000. Furthermore, as is discussed below, these complaints are not ambiguous as to the amount in controversy. Thus, plaintiffs' post-removal stipulations are insufficient to establish a lack of jurisdiction. Finally, the Court notes that Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).

## III. THE CASES

    **A.**    **06-0560: Davis v. State Farm**
            **06-0596: Bowers v. State Farm**
            **06-0830: Bowers v. State Farm**
            **06:1090: Ragas v. State Farm**
            **06:1091: Morgan v. State Farm**
            **06:1597: Phillips v. Allstate**

In each of the captioned actions, plaintiffs sued their

homeowner's insurer asserting that they made a demand for the face value of their respective policies, and their insurer breached the contract by failing to pay the full amount of their claims.  In each case, plaintiffs allege that their insurers paid only a small fraction of their claims.  Plaintiffs in each case seek statutory penalties and attorney's fees.  The following table summarizes the difference between the minimum amount of coverage each plaintiff claims to hold and the amount allegedly paid by the insurer in each of the captioned actions:

|  | Minimum Alleged Coverage | Amount Allegedly Paid | Difference |
|---|---|---|---|
| 06-0560: Davis v. State Farm | $125,000 | $8,500 | $116,500 |
| 06-0596: Bowers v. State Farm | $140,000 | $18,353.76 | $121,646.24 |
| 06-0830: Bowers v. State Farm | $100,000 | $2,500 | $97,500 |
| 06:1090: Ragas v. State Farm | $125,000 | $9,000 | $116,000 |
| 06:1091: Morgan v. State Farm | $125,000 | $4,200 | $120,800 |
| 06:1597: Phillips v. Allstate | $80,000 | $2,500 | $77,500 |

In each complaint, plaintiffs stipulate that "the amount of damages arising from this matter is less than $75,000."  Further, in each case, plaintiffs filed a post-removal amendment specifying that their earlier damages stipulation applies to penalties and attorney's fees.

9

Because plaintiffs in each action seek to enforce insurance policies that they claim entitle them to additional coverage of more than $75,000, it is facially apparent that the amount in controversy is greater than $75,000 in each case. Further, none of the plaintiffs' state court stipulations includes a renunciation of the right to enforce a judgment in an amount greater than $75,000. Thus, these stipulations are insufficient to prove to a legal certainty that the amount in controversy at the time of removal was less than $75,000. Plaintiffs' post-removal stipulations contain the same flaw and, in any event, they cannot be considered because they do not clarify an initially ambiguous amount in controversy. *See, e.g., Gebbia*, 233 F.3d at 883, and discussion, *supra*. Hence, these stipulations are insufficient to deprive the Court of jurisdiction once it has been properly established. *Id.* The Court finds that it has jurisdiction in each of these cases, and the motions to remand are thus denied.

**B.   06-0831: Guillory v. State Farm**

Plaintiffs Yves and Gula Guillory sued their insurer for breach of contract after it paid only $23,000 under a homeowner's policy that allegedly provided total coverage of over $91,000. Plaintiffs allege that they made a demand upon their insurer for the face value of their policy. In addition to damages, they

10

make a claim for statutory penalties and attorney's fees.  Like the plaintiffs discussed *supra*, the plaintiffs stipulated in their complaint "that the damages arising from this matter are less than $75,000," and they filed an amended complaint after removal, specifying that their earlier stipulation of $75,000 in total damages applies to "any damages, penalties, and fees to which they may be entitled."

Plaintiffs seek to enforce a policy that they claim entitles them to at least $68,000 in additional coverage.  Moreover, plaintiffs seek attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658.  Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious.  La. Rev. Stat. § 22:1220; *see Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th cir. 1995) (holding that a plaintiff must show damages arising from the breach to recover any more than $5,000).  Under section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30

11

days of satisfactory proof of loss.  La. Rev. Stat. § 22:658

(emphasis added).  Here, penalties under section 22:658 alone

could increase the amount awarded to plaintiffs by $17,000,

bringing the total amount in controversy to $85,000 without

considering whether plaintiffs might be able to show damages

under section 22:1220.  Further, as was true in the other cases,

plaintiffs' original stipulation does not establish to a legal

certainty that the amount in controversy at the time of removal

was less than $75,000 because it does not include a renunciation

of the right to enforce a judgment in an amount greater than

$75,000. Plaintiffs' post-removal stipulation contains the same

flaw and, in any event, it does not clarify an initially

ambiguous amount in controversy and thus is insufficient to

deprive the Court of jurisdiction once it has been properly

established.  *See, e.g., Gebbia*, 233 F.3d at 883, and discussion,

*supra*.  The Court finds that it has jurisdiction of this matter,

and it denies plaintiff's motion to remand.

C.    **06-1242: Bertrand v. Allstate**

Plaintiff Floretta Bertrand sued her insurer for breach of

contract after it allegedly denied payment under her homeowner's

policy.  Plaintiff alleges that she sustained total destruction

of her insured structures and is thus entitled to the "full

insurable amount" of her policy, including coverage for her

living expenses after she evacuated her residence.  Plaintiff

asks for damages and a declaratory judgment[1] that her policy

provides "full insurance coverage for all damage to the insured

residence, property, and loss of use caused by Katrina," and she

makes a claim for statutory penalties and attorney's fees.  In

part, she asserts that Allstate has "fail[ed] to adjust and

properly pay the policy limits," "fail[ed] to provide any

reasonable basis for denying payment," and failed to adhere to

its duty of good faith and fair dealings.  In her motion to

remand, she states she is entitled to the "full value stated on

the face of her insurance policy."

Like the plaintiffs discussed *supra*, Bertrand stipulated in

her complaint that "[t]he sum total of all the relief prayed for

in this Petition does not exceed $75,000."  She also filed a

signed and notarized affidavit with her motion to remand, which

states that the amount in controversy does not exceed $75,000 and

that "[s]he will not recover over $75,000 . . . even if awarded

more at trial."

---

[1] Plaintiff cannot sidestep the amount in controversy by
making a claim for a declaratory judgment.  In an action for a
declaratory judgment that involves the applicability of an
insurance policy to a particular occurrence, the amount in
controversy is measured by the value of the plaintiff's claim.
*See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th
Cir. 2002).  Here, plaintiff claims that she is entitled to full
value of her policy, and the Court thus values her declaratory
judgment claim at that amount.

Plaintiff seeks to enforce a policy that she claims is worth approximately $69,300. She does not indicate that she has received any payments under her policy, and the assertions in her complaint suggest that she has not received any payment from Allstate. Further, her assertion as to the policy limits is contradicted by the face of the policy under which she asserts coverage. Allstate supplied the policy in its opposition to plaintiff's motion to remand, and it shows that plaintiff has a total of $113,600 in coverage on her dwelling, personal property, and other structures, in addition to up to 12 months in living expense coverage. Plaintiff also seeks relief in the form of penalties and fees, which substantially add to the amount she might recover. *See* La. Rev. Stat. §§ 22:1220 and 22:658. Plaintiff has produced no evidence suggesting that she could not recover at least as much as the total value of the policy and rests her argument for remand entirely on her stipulations. The Court thus finds that the defendant has established by a preponderance of the evidence that the amount in controversy is greater than $75,000. As was true in the cases already discussed, plaintiff's stipulation in her complaint does not establish to a legal certainty that the amount in controversy at the time of removal was less than $75,000, because it does not include a renunciation of the right to enforce a judgment in an

amount greater than $75,000.  Plaintiff's post-removal affidavit does not clarify the amount in controversy as of the time of removal, so it is not properly considered by the Court on a motion to remand.  *Associacion Nacional*, 988 F.2d at 565.  The Court finds that it has jurisdiction of this matter, and it denies plaintiff's motion to remand.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motions to remand in all of the above-listed cases.  Because the Court finds that it has jurisdiction, it does not consider plaintiffs' claims for fees and costs.

New Orleans, Louisiana, this _7th_ day of June, 2006.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT COURT

15